Opinion filed May 28, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 28, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00194-CR

                                                       ________

 

                                  ROBERT
LEE WORTHY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

                      Brown
County, Texas

                                                 Trial
Court Cause No. CR17633

 



 

                                                                   O
P I N I O N








Robert
Lee Worthy appeals his conviction by a jury following his plea of guilty of two
offenses of sexual assault.  The jury assessed his punishment for each offense
at eight years in the Texas Department of Criminal Justice, Institutional
Division.  The trial court ordered that his sentences be served concurrently. 
He contends in eight points of error that (1) the trial court erred in
admitting evidence that his stepbrother was a registered sex offender because
such evidence was not relevant since the probative value of such evidence was
substantially outweighed by the danger of unfair prejudice and since the State
failed to give notice of its intent to offer such evidence (Points One, Two,
and Three); (2) his attorney rendered ineffective assistance of counsel by
failing to object to a misstatement of law made by the trial court and by
failing to request an instruction in the jury charge correcting the trial court=s misstatement of the law
regarding concurrent versus consecutive sentencing in his case (Points Four and
Five); (3) the trial court abused its discretion in admitting testimony by the
investigating detective that Worthy had engaged in a Agrooming@
process and thereby caused the complainant to engage in sexual relations
because the testimony was not admissible under either Rule 701 or Rule 702 of
the Texas Rules of Evidence (Points Six and Seven); and (4) the trial court
violated Tex. Code Crim. Proc. Ann.
art. 26.13(b) (Vernon 2009) by continuing to rely on guilty pleas that no
longer appeared free and voluntary, rather than granting Worthy=s motion for a mistrial
(Point Eight).  We affirm.

Worthy
contends in Points One and Two that the trial court erred in admitting
testimony that his stepbrother was a registered sex offender because the
evidence was not relevant and because the probative value of the evidence was
substantially outweighed by the danger of unfair prejudice.  

When
the complainant was fourteen years of age, Worthy and his wife took her into
their family.  The complainant=s
aunts advised the Worthys that the complainant was acting out and had been
promiscuous.  Over time, before the complainant became seventeen years of age,
Worthy and the complainant developed a sexual relationship.  He sometimes
brought the complainant to his stepbrother=s
house or apartment.  Worthy testified that the house or apartment was split
into two sections with two entrances.  He indicated that he installed a lock on
the connecting door to his room.  Worthy stated that his stepbrother had no
access to his room and had no knowledge about what was going on.  Worthy
acknowledged that, at the time he brought the complainant to his stepbrother=s house, he knew one of the
conditions of his stepbrother=s
community supervision was that he could not have unsupervised children under
the age of seventeen in his home and that he knew, when he took the complainant
over to his stepbrother=s
house, it was a violation of his stepbrother=s
community supervision.








Before
a jury, Worthy pleaded guilty to the indictment, which charged that he
intentionally and knowingly caused the penetration of the complainant=s sexual organ by his
sexual organ when she was younger than seventeen and not his spouse.  He filed
an application for community supervision.  Consequently, one of the issues for
the jury to determine was whether Worthy should receive community supervision
or be assessed punishment in the Texas Department of Criminal Justice,
Institutional Division.  We agree with the State=s
contention that evidence of Worthy=s
disregard for the conditions of his stepbrother=s
community supervision and lack of care for the complainant by leaving her
unsupervised at the home or apartment of his stepbrother, a registered sex
offender, was relevant to the issue of whether he would follow the conditions
of his own community supervision, should the jury determine that he should be
placed on community supervision, and relevant to show the context in which he
committed the offense in order for the jury to properly assess punishment.

Tex. R. Evid.  403 provides that
evidence, although relevant, may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice.  When the State
initially sought to introduce evidence that Worthy=s stepbrother was a registered sex offender,
Worthy=s counsel
objected that the testimony would be inappropriate, irrelevant, and
prejudicial.  He further indicated that the testimony was so prejudicial and
inflammatory that it would have absolutely no probative effect on the jury
except to inflame its passions and to make some inappropriate suggestions.  The
trial court sustained the objection on the basis that the probative value of
the testimony was outweighed by its prejudicial nature.  The trial court
instructed the jury at that time to disregard any testimony offered concerning
the alleged criminal record of Worthy=s
brother.

When
the State later sought to introduce evidence that Worthy=s stepbrother was a registered sex offender,
counsel for Worthy again raised the issue of relevance.  In the context of his
discussion of the issue, Worthy=s
counsel argued that the State Acan=t suggest anything else
that it provides any probative information before the jury.  It=s only prejudicial.  And I
suggest it=s only
offered for its prejudicial effect and should not be permitted before the jury.@  In his objection and
argument, counsel made no specific reference to Rule 403 and did not succinctly
state that the probative value of the evidence was substantially outweighed by
the danger of unfair prejudice.  We believe, however, that his statements were
sufficient to bring before the trial court the issue of whether the probative
value of the testimony was substantially outweighed by the danger of unfair
prejudice.  The State makes no argument to the contrary.








Either
a trial court or a reviewing court, when undertaking a proper Rule 403
analysis, must balance (1) the inherent probative force of the proffered item
of evidence along with (2) the proponent=s
need for that evidence against (3) any tendency of the evidence to suggest
decision on an improper basis, (4) any tendency of the evidence to confuse or
distract the jury from the main issues, (5) any tendency of the evidence to be
given undue weight by a jury that has not been equipped to evaluate the
probative force of the evidence, and (6) the likelihood that presentation of
the evidence will consume an inordinate amount of time or merely repeat
evidence already admitted.  Gigliobianco v. State, 210 S.W.3d 637,
641-42 (Tex. Crim. App. 2006).   As previously noted, Worthy acknowledged that
one of the conditions of his stepbrother=s
community supervision was that he was not allowed to have children under
seventeen at his house unsupervised and that he knew when he took the
complainant to his stepbrother=s
house it was a violation of his stepbrother=s
community supervision.

The
jury could reasonably determine from this evidence that Worthy had little
regard for his stepbrother=s
conditions of community supervision and little regard for the safety of the
complainant if, as Worthy=s
testimony implied, he had left her unsupervised at his stepbrother=s place of residence.  We
find the evidence to be highly probative of that fact.  We know of no other way
for the State to show that Worthy had little regard for conditions of community
supervision for sex offenders and to show the danger he put the complainant in
by having her unsupervised at his stepbrother=s
place of residence other than to show that his stepbrother was a registered sex
offender.  Although the introduction of the evidence that Worthy=s stepbrother was a
registered sex offender might have had the potential to distract the jury from
the main issue or cause it to be given undue weight, little time was consumed
in presenting evidence that Worthy=s
stepbrother was a registered sex offender, and the evidence was not
repetitive.  Having considered all of these factors, we conclude that the
probative value of the evidence that Worthy=s
brother was a registered sex offender is not substantially outweighed by the
danger of unfair prejudice.  

Worthy
argues that there is no evidence that he ever left the complainant unsupervised
at his stepbrother=s
place of residence, ignoring his own testimony that, when he brought her to his
stepbrother=s place of
residence, it violated the conditions of community supervision that did not
allow an unsupervised child under seventeen to be present there.  Worthy
contends that this evidence did not relate to what punishment would be
appropriate, but we conclude that his disregard of his stepbrother=s conditions of community
supervision and his placing the complainant in danger by leaving her at his
stepbrother=s
residence unsupervised were relevant and highly probative with respect to the
jury=s determination
of punishment.  We overrule Points One and Two.  








Worthy
insists in Point Three that the trial court erred in admitting evidence that
his stepbrother was a registered sex offender because the State failed to give
notice of its intent to offer such evidence as required by the trial court=s standing pretrial order. 
Under the trial court=s
order, the district attorney was to give reasonable notice of several things,
including Aany other
evidence of an extraneous offense, crime or bad act shown to have been
committed by the defendant.@ 
The evidence that Worthy, in committing the offense for which he was charged,
violated the conditions of his stepbrother=s
community supervision that an unsupervised child under seventeen not be at his
place of residence B
showing his disregard for conditions of community supervision and placing the
complainant in jeopardy B
is part of the context of the crime for which he was being tried and is not an
extraneous bad act.  Consequently, the State=s
introduction of this evidence was not in violation of the trial court=s order, which only related
to extraneous bad acts.  As the State notes, the trial court appears to have
been under the impression that the evidence was not contextual and was subject
to the notice requirement and that adequate notice had been given.  Because the
evidence related to the context of the offense for which he was charged and not
conduct that was extraneous to his commission of that offense, we conclude that
the trial court was in error in its reasoning.  We reject the assumption in
Worthy=s arguments
that this evidence consists of extraneous bad acts.  We overrule Point Three.

In
Points Four and Five, Worthy contends that his attorney rendered ineffective
assistance of counsel by failing to object to a misstatement of law made by the
trial court and by failing to request an instruction in the jury charge to
correct the trial court=s
misstatement of the law regarding concurrent versus consecutive sentencing in
his case.  In order to prevail on his claim of ineffective assistance of
counsel, an appellant must first show that his counsel=s performance was deficient.  Strickland v.
Washington, 466 U.S. 668, 687 (1984); Bone v. State, 77 S.W.3d 828,
832 (Tex. Crim. App. 2002).  An appellant must prove, by a preponderance of the
evidence, that his counsel=s
representation fell below the objective standard of professional norms.  Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  Second, an appellant
must show a reasonable probability that, but for his counsel=s unprofessional errors,
the result of the proceeding would have been different.  Id.  A Areasonable probability@ is one sufficient to
undermine confidence in the outcome. Id.








Our
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions fell within the
wide range of reasonable and professional assistance.  Bone, 77 S.W.3d
at 832.  Under normal circumstances, the record on direct appeal will not be
sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the presumption that counsel=s conduct was reasonable
and professional.  Id.  Rarely will the trial record contain sufficient
information to permit a reviewing court to fairly evaluate the merits of such a
serious allegation.  Id.

When
Worthy was admonished before the jury, the trial court instructed him that,
given the fact that the two counts with which he was charged were part of the
same indictment, in the event of his conviction, his punishment Awould run concurrent and
not consecutive.@ 
Worthy presented no objection.  Later, in the charge conference, the trial
court acknowledged that perhaps the sentences could be stacked and that this
could pose a problem.  The trial court afforded counsel the opportunity to
address that in the charge, but neither the State nor Worthy requested any
amendment to the charge to address that issue.  The trial court ordered that
the sentences be served concurrently. 








Given
the fact that our record does not reflect the reason for trial counsel=s failure to object to the
trial court=s
misstatement of the law and the failure to correct it in the charge, we decline
to find that Worthy was afforded ineffective assistance at trial.  Citing Andrews
v. State, 159 S.W.3d 98, 102-03 (Tex. Crim. App. 2005), Worthy suggests
that we are required to find his trial counsel ineffective because there could
have been no trial strategy for failing to correct the trial court=s misstatement.  We find
that Andrews is distinguishable.  In Andrews, the court held
that, where the State had filed a motion for the trial court to stack Andrews=s sentences, defense
counsel could have had no sound strategy for failing to object to the State=s representation to the
jury that his sentences could not be stacked.  Id. at 103.  The court
concluded that, in view of the lack of any sound trial strategy and in view of
the fact that the trial court stacked Andrews=s
sentences, the judgment should be reversed, and the cause remanded for a new
hearing on punishment.  Id.  In the case at bar, there is no indication
that the State was seeking to stack the sentences, and the trial court did not
stack the sentences.  Worthy=s
trial counsel could have reasonably believed that, if the jury did not award
Worthy community supervision as he sought, the trial court would seek to avoid
reversal by not stacking his sentences and that, whether the trial court did or
did not stack the sentences, there was a reasonable possibility that Worthy
could receive a new trial based upon the decision in Andrews.  Counsel
could reasonably have believed that under the decision in Andrews he
would not have to ever give his reason for his failure to object.  We overrule
Points Four and Five. 

Worthy
urges in Points Six and Seven that the trial court abused its discretion when
it admitted testimony by the investigating detective that he had engaged in a Agrooming@ process and thereby caused
the complainant to engage in sexual relations because the testimony was not
admissible under either Rule 701 or Rule 702.  After the investigating
detective testified that Worthy had worked at his relationship with the
complainant in a process called grooming, Worthy testified that he agreed that
he was grooming the complainant.  We hold that, even if the trial court abused
its discretion in admitting this evidence, the admission of the evidence did
not affect Worthy=s
substantial rights in view of his acknowledgment that he was grooming the
complainant.  We overrule Points Six and Seven.

Worthy
contends in Point Eight that the trial court violated Article 26.13(b) by
continuing to rely on his guilty plea that no longer appeared free and
voluntary, rather than granting his request for a mistrial.  Article 26.13(b)
provides that no plea of guilty or nolo contendere shall be accepted by the
trial court unless it appears that the defendant is mentally competent and the
plea is free and voluntary.  Upon Worthy=s
testimony that his plea of guilty was free and voluntary and upon his counsel=s representation that he
had not observed anything that would lead him to believe that Worthy was
incompetent or insane, the trial court accepted his plea of guilty.  However,
prior to accepting that plea, the trial court stated:

Now, the two counts being part of the same indictment, if you
are found guilty of each of these, as is likely with a plea of guilty, then,
the punishment would run concurrent and not consecutive.  That is, it wouldn=t be stacked on top of each
other, but would be running side by side if you=re
found guilty of each count.

As previously
noted, Worthy made no objection to this statement by the trial court.  








At
the conclusion of testimony, during the formal charge conference, the trial
court noted its error in misstating the law but offered to give the parties the
opportunity to address that problem in the charge if they had any concern about
it.  Worthy=s counsel
objected to the improper admonishment at that time, asserting that it had
rendered his client=s
plea involuntary.  Instead of seeking any instruction to disregard the trial
court=s comments and
instead of seeking to withdraw his plea of guilty, Worthy requested a
mistrial.  The trial court denied both counsel=s
objection and his request for a mistrial.  It has been held that, when a matter
presented in a jury trial upon a guilty plea calls that guilty plea into
question, the defendant has the right to change the plea, but the trial court
has no duty to change the plea on the court=s
own motion.  Mendez v. State, 138 S.W.3d 334, 336 (Tex. Crim. App.
2004).  We hold that, if the trial court=s
erroneous admonition rendered Worthy=s
guilty plea involuntary, as he urges on appeal, he had the right to change his
plea but that the trial court had no duty to do so on its own motion.  Worthy
waived his objection to the trial court continuing to rely upon his guilty plea
by not withdrawing his plea and by not objecting to the trial court=s failure to withdraw his
plea on its own motion.  See id. at 339.  We overrule Point Eight.             The
judgment is affirmed.

 

 

JOHN G. HILL

JUSTICE

 

May 28, 2009

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.